Entered on Docket
October 21, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 20, 2014



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                 ) Bankruptcy Case
                                      ) No. 14-30462DM
JOHN STEVEN METHENY,                  )
                                      )
                          Debtor.     ) Chapter 13
_____)
JL BEVERAGE COMPANY, LLC,             ) Adversary Proceeding
                                      ) No. 14-3075DM
                          Plaintiff,  )
                                      )
v.                                    )
                                      )
JOHN STEVEN METHENY,                  )
                                      )
                          Defendant.  )
_____)
```

MEMORANDUM DECISION REGARDING CHAPTER 13 ELIGIBILITY

When John Steven Metheny ("Debtor") filed his chapter 7 petition and schedules, he listed an unsecured debt owed to JL Beverage Company, LLC ("JL") in the amount of $5,355,582.24 and did not identify it as contingent, unliquidated, or disputed. JL thereafter filed an adversary proceeding to have its Nevada state court judgment in a somewhat lesser amount against Debtor declared nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6).

-1-

Debtor obtained new counsel, filed amended schedules showing the debt as unliquidated and disputed, and moved to convert his chapter 7 case to chapter 13 under the scream-or-die procedures of B.L.R. 1017-1.  Debtor sought conversion because section 523(a)(6) is inapplicable in chapter 13 cases.

While the memorandum of points and authorities in support of the conversion motion briefly set forth the Debtor's position that he was eligible for chapter 13 relief notwithstanding the state court judgment, the court made no such finding in the conversion order.  Rather, as no opposition was filed, the court simply and routinely converted the case to chapter 13 pursuant to 11 U.S.C. § 706(a), which provides "[t]he debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title.  Any waiver of the right to convert a case under this subsection is unenforceable."

Despite the broad language of section 706(a), section 706(d) provides that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."  11 U.S.C. § 706(d).  These words expressly condition a debtor's right to convert a case to one under chapter 13 on his or her eligibility to be a "debtor" under chapter 13.  *Marrama v. Citizens Bank of Mass.*, 127 S.Ct. 1105, 1110 (2007) (holding that the broad right to convert to chapter 13 contained in section 706(a) is always conditioned by the requirement of section 706(d) that the debtor be qualified to be a debtor under chapter 13).

-2-

Around the same time that Debtor filed his motion to convert, he also filed a motion to dismiss the section 523 adversary proceeding. In particular, Debtor argued that issue preclusion cannot apply to the Nevada state court judgment, that JL had not alleged and cannot allege facts to support nondischargeability under section 523(a)(2) and (a)(4), and that section 523(a)(6) does not apply in a chapter 13 case. Prior to the hearing on the motion to dismiss, the court tentatively ruled that it would dismiss the (a)(2), (a)(4) and (a)(6) claims with leave to amend. See September 2, 2014, Docket Text Order. The final sentence of the tentative ruling directed Debtor's counsel to be prepared to explain how Debtor is eligible to be in chapter 13 with a liquidated, albeit disputed, judgment of more than $5 million against him.

Debtor argues that JL has waived any challenge to his eligibility to be a debtor in chapter 13. The court need not decide that issue because the court has not waived the right to raise the issue sua sponte. See 11 U.S.C. § 105(a):

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

When Debtor moved to convert to chapter 13, his counsel stated:

> Additionally, the Debtor falls within the debt limits 11 U.S.C. § 109(e) due to the fact that the pre-petition claim of JLB is an unliquidated and disputed claim.

Dkt. No. 23 in Case No. 14-30462, 3:1-2.

-3-

This statement absolutely incorrect. The JL judgment, however disputed, was liquidated to the penny.[1] The inescapable conclusion was and is that Debtor is ineligible to be in chapter 13.

JL contends, and the court agrees, that the judgment debt is liquidated and noncontingent and thus precludes Debtor from proceeding in chapter 13. The amount of the debt is "readily ascertainable" from the judgment itself, even if debtor disputes that amount. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975 (9th Cir. 2001), citing *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073-75 (9th Cir. 1999) ("[I]f the amount of the creditor's claim at the time of the filing the petition is ascertainable with certainty, a dispute regarding liability will not necessarily render a debt unliquidated. ... Even if a debtor disputes the existence of liability, if the amount of the debt is calculable with certainty, then it is liquidated for the purposes of § 109(e)."); *Wenberg*, 94 B.R. at 635 (money judgment that includes accounting and attorney fees constitutes a liquidated debt and must be taken into account in determining a debtor's eligibility for chapter 13 relief).

Debtor correctly contends that chapter 13 eligibility is not an issue of subject matter jurisdiction and thus can be waived if not timely raised. *Fed. Dep. Ins. Corp. v. Wenberg (In re Wenberg)*, 94 B.R. 631, 636-7 (9th Cir. BAP 1988), *aff'd*, 902 F.2d

---

[1] In an analogous situation the Ninth Circuit has recently held that a pending appeal of a judgment does not render the debt subject to a bona fide dispute, that would disqualify a petitioning creditor under 11 U.S.C. § 303(b)(1). *In re Marciano,* 708 F. 3d 823 (9th Cir. 2013). There is no reason why the same rationale would not apply here.

-4-

768 (9th Cir. 1990). The court disagrees with Debtor, however, that the time for objecting to eligibility has passed. Debtor has not confirmed his chapter 13 plan, and eligibility is an issue that can and should be raised as an objection to confirmation. *See In re Lewis*, 459 B.R. 281, 289-90 (N.D. Ill. 2011) ("As an additional condition to confirmation of a Chapter 13 plan, 11 U.S.C. § 1325(a)(1) requires that the plan comply with all applicable provisions of the Bankruptcy Code. Such applicable provisions include 11 U.S.C. § 109(e)[.]"). Absent entry of a final order confirming the plan, no issues pertaining to confirmation (e.g., compliance with other provisions of the Bankruptcy Code such as section 109) are precluded or waived. And a debtor cannot sidestep these issues by inserting language into a conversion motion in an effort to bind the court, the trustee, and creditors, particularly when that language is absent from the conversion order.[2]

Consequently, the court will DISMISS Debtor's chapter 13 case unless he converts the case to chapter 11 or chapter 7 within ten days of the date of service of this order. If the case is dismissed, the court will dismiss the adversary proceeding as moot, and JL counsel's should upload an appropriate order. If the

---

[2] Prior to the Supreme Court's decision in *Marrama*, most courts (including this one) considered a one-time conversion from chapter 7 to chapter 13 to be automatic if requested by a debtor. After conversion, issues of eligibility and ability to confirm a chapter 13 plan became justiciable. The court does not believe that *Marrama* changed this approach, particularly as section 1325(a) requires a plan to comply with the provisions of chapter 7 and all other applicable provisions of the Bankruptcy Code.

Case: 14-03075    Doc# 23    Filed: 10/20/14    Entered: 10/21/14 11:08:22    Page 5 of 7

case is converted to chapter 11 or chapter 7, Debtor's counsel should upload an order granting his motion to dismiss the adversary proceeding, with leave to amend all three counts within fifteen days of the date of service of the dismissal order. If that occurs, the court will hold a status conference on November 21, 2014, at 1:30 P.M.

*** END OF MEMORANDUM DECISION ***

```
 1                      COURT SERVICE LIST
 2   George L. Hampton IV, Esq.
     HamptonHolley LLP
 3   2101 East Coast Highway, Ste. 260
     Corona del Mar, CA 92625
 4
 5
...
28
```